## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Crim. No. 02-03-P-H** |
| ) | |
| **OLIVER STEELE,** ) | |
| ) | |
| **Defendant** ) | |

## **ORDER**

This matter came before me this date for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The defendant appeared with counsel, waived his right to a preliminary hearing and consented to the entry of a finding of probable cause to hold him for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the defendant for a revocation hearing.

A release hearing was held at the defendant's request for the purpose of determining whether he is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, the defendant is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The government conceded that the defendant does not pose a risk of flight but asserted that he has failed to establish by clear and convincing evidence that there are available conditions of release to address risk of danger to any other person and the community. I agree. The defendant presented no evidence at the release hearing. Instead, his counsel simply argued that he should be released on conditions of release that include home detention and requirements that he maintain his present

employment and continue to reside at the Westbrook home where he has been living with his common-law wife and children for several years.  The conditions under which he was placed on supervised release already include a prohibition against his use of all contraband substances and intoxicants, as well as the standard prohibition against the commission of another federal, state or local crime.  And yet the defendant, who has a history of polysubstance abuse, has admitted to the use of cocaine and marijuana on November 19, 2007.  Such use constitutes a violation of both referenced conditions of release and helps to maintain a market that fosters a continuation of illegal drug supply and use which remain a scourge on the community.

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with his counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

      Dated this 23rd day of November, 2007.

                                                /s/ David M. Cohen
                                                David M. Cohen
                                                United States Magistrate Judge